UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM WESLEY WEBB,

    Plaintiff,               Civil Action No. 2:18-CV-13947
v.                                  HONORABLE DENISE PAGE HOOD
                                      CHIEF UNITED STATES DISTRICT JUDGE

ESTER RODRIGUEZ,

    Defendant,
_____/

## OPINION AND ORDER SUMMARILY DISMISSING THE CIVIL RIGHTS COMPLAINT

### I. Introduction

Before the Court is Plaintiff William Wesley Webb's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is a state prisoner incarcerated at the Newberry Correctional Facility in Newberry, Michigan. The Court has reviewed the complaint and now **DISMISSES IT FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

### II. Standard of Review

Plaintiff has been allowed to proceed without prepayment of fees. See 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir. 1997). However, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
> (B) the action or appeal:
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F. 3d at 612.

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F. 3d 673, 677 (6th Cir. 1998)(citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir. 2001).

### III. Complaint

Plaintiff claims that the defendant, a corrections officer, issued plaintiff a misconduct ticket on September 1, 2018 for destroying a state-issued t-shirt. Plaintiff does not indicate who this t-shirt belonged to, but defendant requested restitution of $ 9.80. At a hearing the next day, plaintiff was ordered to pay restitution in the amount of $ 4.90. Plaintiff has since learned from the prison quartermaster that the t-shirt cost only $ 1.77. Plaintiff claims that the defendant committed larcenous conversion by requesting the additional restitution of $ 3.13. Plaintiff requests monetary damages and also requests this Court to press criminal charges against the defendant or order someone else to do so.

### IV. Discussion

An unauthorized intentional deprivation of property by a state employee does not violate the procedural requirements of the Due Process Clause of the

3

Fourteenth Amendment so long as a meaningful state post-deprivation remedy for the loss is available. *Hudson v. Palmer*, 468 U.S. 517, 533(1984); *Bass v. Robinson*, 167 F. 3d 1041, 1049 (6th Cir. 1999). A plaintiff who brings a § 1983 procedural due process claim has the burden of pleading and proving that the state remedies for redressing the wrong are inadequate. *Vicory v. Walton*, 721 F. 2d 1062, 1066 (6th Cir. 1983). If a plaintiff in a 42 U.S.C. § 1983 action fails to demonstrate the inadequacy of his or her state remedies, the case should be dismissed. *See Bass,* 167 F. 3d at 1050.

Plaintiff does not allege the inadequacy of remedies in Michigan for him to obtain compensation for his loss, nor does he even indicate that he has attempted to obtain relief from any court or tribunal in Michigan. "State tort remedies generally satisfy the postdeprivation process requirement of the Due Process Clauses." *Fox v. Van Oosterum,* 176 F. 3d 342, 349 (6th Cir. 1999). Because plaintiff does not allege the inadequacy of the post-deprivation remedies in the State of Michigan, his complaint is subject to dismissal.

Michigan has several post-deprivation remedies, including M.C.R. 3.105, which allows for an action for claim and delivery of the property, M.C.L.A. 600.2920, which provides a civil action to recover possession of or damages for goods and chattels unlawfully detained, and M.C.L.A. 600.6401, the Michigan Court of Claims Act, which establishes a procedure to compensate for alleged

unjustifiable acts of state officials. *See Copeland v. Machulis*, 57 F. 3d 476, 480 (6th Cir. 1995).

Because Michigan provides plaintiff with adequate post-deprivation remedies for the loss of his property, the alleged unauthorized intentional deprivation of plaintiff's property would not rise to the level of a violation of due process. *See Keenan v. Marker,* 23 F. App'x. 405, 407 (6th Cir. 2001).

In addition, Plaintiff cannot bring a civil rights action to force a criminal prosecution against the defendant. There is no constitutional, statutory, or common law right that a private citizen can require a public official to investigate or prosecute a crime, nor can a private citizen bring a civil action in federal court to initiate a criminal prosecution. *Diamond v. Charles*, 476 U.S. 54, 64 (1986); *Martin v. Koljonen*, 89 F. App'x. 567, 568 (6th Cir. 2004); *Hamilton v. Reed*, 29 F. App'x. 202, 204 (6th Cir. 2002); *White v. City of Toledo,* 217 F. Supp. 2d 838, 841 (N.D. Ohio 2002). Plaintiff is not entitled to relief on this claim.

Because the complaint lacks any arguable basis in the law, this Court certifies that any appeal by Plaintiff would be frivolous and not undertaken in good faith. *See Alexander v. Jackson,* 440 F. Supp. 2d 682, 684 (E.D. Mich. 2006)(citing 28 U.S.C. § 1915(a)).

## V. ORDER

Accordingly, it is **HEREBY ORDERED** that the civil rights complaint [docket entry 1] is **DISMISSED WITH PREJUDICE FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

**IT IS FURTHER ORDERED AND CERTIFIED** by the Court that any appeal taken by Plaintiff would not be done in good faith.

s/Denise Page Hood
HON. DENISE PAGE HOOD
CHIEF UNITED STATES DISTRICT JUDGE

Dated: 2/22/2019